ISRAEL POWELL v. STATE OF MISSISSIPPI.

[51 South. 465.]

CRIMINAL LAW AND PROCEDURE. *Sale of intoxicating liquors. Assisting therein. Code 1906, § 1771. Sale consummated where lawful to make it.*

Under Code 1906, § 1771, making it unlawful to assist either the seller or buyer in making a sale of intoxicating liquors, one who renders assistance to either at a place where the sale would be unlawful is guilty, although the sale be actually consummated where it was lawful to make it.

FROM the circuit court of Jackson county.

HON. WILLIAM H. HARDY, Judge.

Powell, appellant, was prosecuted for and convicted of assisting the purchaser in effecting a purchase and aiding a sale of intoxicating liquors, and appealed to the supreme court. The facts are stated in the opinion of the court.

*John H. Cook,* for appellant.

Defendant had no interest in the liquors, and received nothing for what he did. He merely acted as a messenger for his thirsty friend and was not an agent within the meaning of the law.

There was no unlawful sale, even if defendant can be considered to have been the agent of his friend. The order for the liquors was sent to New Orleans, where the sale was lawfully made; there was nothing unlawful in the transaction.

*George Butler,* assistant attorney-general, for appellee.

The appellant surely acted as the agent of the purchaser of the liquors. What appellant did was done in Jackson county, this state, where the sale, if made there, would have been unlawful. The statute, Code 1906, § 1771, deals only with the

acts of the agent or assistant of the buyer or seller, and makes these acts unlawful. *Hart v. State,* 87 Miss. 182.

Assisting in effecting a sale of intoxicating liquors, at a place where a sale thereof would be unlawful, is itself made unlawful, and that too irrespective of where the sale was consummated, and whether it were a lawful or unlawful one.

SMITH, J., delivered the opinion of the court.

Appellant was convicted in the court below for acting as agent or assistant of the purchaser in effecting a sale of intoxicating liquor and appeals to this court. One Hudson requested appellant to order for him a gallon of whisky, and gave him $4 with which to pay for same. At the request of appellant the whiskey was ordered from New Orleans by one Moseley, and upon its receipt was delivered by appellant to Hudson. The only question here involved is whether, under the foregoing facts, appellant is guilty of the crime defined by the statute.

Section 1771 of the Code of 1906 provides: "If any person shall act as agent or assistant of either the seller or purchaser, in effecting the sale of any liquor, bitters, or drinks, the sale of which without license is unlawful under the provisions of this chapter, in any county, district, territory, or municipality in which the sale of such liquor, bitters, or drinks are prohibited by law, he shall be guilty of a misdemeanor," etc. As appellant is not charged with selling liquor, the place where the sale was actually consummated becomes immaterial. The crime defined by the statute is committed when the assistance rendered either the seller or purchaser in effecting a sale is rendered in a place where such sale is prohibited by law. This is really not an open question, for it was set at rest by the opinion of this court in *Hart v. State,* 87 Miss. at page 182, 39 South. at page 526 (112 Am. St. Rep. 437), wherein this court said: "A sale of intoxicating liquors was made. Appellant assisted in effecting that sale, and acted as agent of the seller in this

state at a place 'in which the sale of such liquor is prohibited by law.' This constitutes the specific offense dealt with by this particular statute, and every element of appellant's guilt is plainly shown."

The judgment of the court below is affirmed.

*Affirmed.*