BRIGHT COMPTON *v.* STATE.

[57 South. 919.]

INTOXICATING LIQUORS. *Wrongful sale. Instructions.*

Where on the trial of accused for the unlawful sale of whiskey a witness testified for the state that he and accused had agreed that accused should order whiskey for them both from Slidell, Louisiana, and that in accordance with this agreement witness gave accused one dollar and accused ordered two quarts of whiskey, one of which he gave witness in accordance with their agreement, an instruction that if the jury believed that the witness gave defendant a dollar and about three weeks later defendant delivered to witness a quart of whiskey, he was guilty, was erroneous, since if the witness' testimony was true, defend-

ant did not sell the whiskey but simply acted as agent in effecting a purchase for the commission of which crime accused was not on trial.

Appeal from the circuit court of Pike county.

Hon. D. M. Miller, Judge.

Bright Compton was convicted of the illegal sale of intoxicating liquors and appeals.

The indictment against appellant charged that he did "then and there unlawfully and willfully sell and retail intoxicating liquors, contrary to statute." On the trial a witness named Paris testified that he and appellant had agreed that appellant should order whisky for them both from Slidell, Louisiana, and that in accordance with this agreement he gave appellant one dollar, and appellant ordered two quarts of whisky, one of which he gave to witness Paris, in accordance with their agreement. On the trial the court gave the following instruction, at the request of the state: "No. 1. The court instructs the jury, for the state, that if you believe from the evidence in this case beyond a reasonable doubt that J. H. Paris gave defendant one dollar at Lexie, Pike county, Mississippi, during the month of June, 1910, and about three days later the defendant delivered to the said Paris one quart of whisky for said dollar near Tylertown, Pike county, Mississippi, then he is guilty, and you should so find."

*E. J. Simmons,* for appellant.

Instruction number two given for the state, in effect tells the jury that if they believe the testimony of J. H. Paris, appellant was guilty of retailing and the jury should so find. This instruction is not only upon the weight of the testimony, but it is not warranted by the facts in the case, and is a misconception on the part of the court of the evidence of the witness, Paris. It is so palpably erroneous that argument or citation of authority is unnecessary. *Johnson* v. *State,* 63 Minn. 228.

That the court below adhered to an erroneous view of this testimony is shown by his refusal of instruction number two asked by appellant to the effect that the jury could not convict unless a sale of the whisky in question was shown by the evidence, and by the further fact that instruction number three asked by appellant was modified by the court to read "or Paris," thus denying to appellant the right to have the jury determine whether there was a sale of the whisky, or whether the elements of sale had been shown by the evidence to a moral certainty.

The error committed by the court in giving instruction number two for the state above mentioned is incurable and is in palpable conflict with those given for appellant leaving the jury without any guide as to the law of the case. See in this connection 12 Cyc. 649, where it is said: "The practice of giving conflicting instructions, although not intended to be conflicting, and leaving the jury to conjecture which of them is applicable to the facts, is not favorable to the correct administration of justice."

*Frank Johnston,* assistant attorney-general, for appellee.

The two instructions granted for the state are simple and elementary and their correctness is too clear for argument.

I respectfully submit that the judgment of the court should be affirmed.

SMITH, J., delivered the opinion of the court.

The granting of the first instruction requested by the state was fatal error. It omits a material portion of the testimony of the witness Paris, upon whose testimony it was predicated, which omitted portion discloses that appellant did not sell the whisky to the witness, but simply acted as his agent or assistant in effecting the

purchase thereof (*Powell* v. *State,* 96 Miss. 608, 51 South. 465), for the commission of which crime appellant was not on trial. The testimony of Paris, in effect, was that appellant ordered from Slidell, Louisiana, for himself and Paris, one-half gallon of whisky, one quart for each; Paris giving to appellant the money with which to pay for his portion thereof. Upon receipt of the whisky by appellant, he delivered to Paris the quart ordered for him.

The judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*