AMERICAN EXPRESS CO. *v.* GEORGE P. MILLER *et al.*

[61 South. 306.]

1. INTERSTATE COMMERCE. *Participation of carriers. Transportation of liquor. Code 1906, section 1771.*

Where packages are delivered in Louisiana to a carrier to be transported by continuous passage through various disconnected carriers to points of their destination in Mississippi, every part of this transportation will be a transaction of interstate commerce; and each carrier, common, or private, participating therein, will, to this extent, be engaged in interstate commerce, without regard to the character of the bill of lading, if any, upon which the packages are being transported, and although each carrier may be separate and independent of and have no traffic arrangement with the other, and it is wholly immaterial whether each carrier is paid a flat or a percentage of a through rate for its services, and whether such payment be made by the shipper or consignee direct to each carrier on the one hand, or to the initial or final carrier on the other.

2. SAME.

Such a shipment of intoxicating liquors does not render a carrier liable under Code 1906, section 1771, providing that "if any person shall act as agent or assistant of either the seller or purchaser, in

effecting the sale of liquors, etc., he shall be guilty of a misdemeanor," and a common carrier cannot refuse to receive such shipment in such case.

APPEAL from the chancery court of Warren county.

Suit by George P. Miller and others against the American Express Company to obtain a mandatory injunction, requiring it to receive and transport intoxicating liquors. From an order granting the writ, defendant appeals.

Section 1771 of the Code of 1906, referred to in the opinion, provides: "If any person shall act as agent or assistant of either the seller or purchaser, in effecting the sale of liquor, bitters or drink, the sale of which without license is unlawful under the provisions of this chapter, in any county, district, territory, or municipality in which the sale of such liquor, bitters or drinks are prohibited by law, he shall be guilty of a misdemeanor, and on conviction, shall be punished," etc.

*Chas. N. Burch, H. D. Minor* and *Mayes & Mayes,* attorneys for appellant.

*Henry & Canizaro* and *Catchings & Catchings,* attorneys for appellee.

No brief of counsel on either side found in the record.

Argued orally by *C. N. Burch,* for appellant.

SMITH, C. J., delivered the opinion of the court.

Appellees are engaged in the lawful sale of intoxicating liquor at various points in Louisiana, near the city of Vicksburg, Miss. They have numerous customers in Mississippi, from whom they receive, by mail, letters ordering liquor and containing money, drafts, etc., to cover the price thereof. Upon receipt of these orders, appellees prepare the liquor for shipment, and deliver the packages containing it, addressed to the customers at their residences in Mississippi, to various boats plying between

the places at which they are engaged in business and the city of Vicksburg. Some of these boats are common carriers, and others seem to handle the business of appellees, or some of them, only, and it may be that appellees, or some of them, have an interest therein. When the packages containing this liquor are delivered to these boats, the owner or master thereof issues a bill of lading therefor, showing their ultimate destination, after he has been paid by the shipper a sum of money sufficient to pay for their transportation by the boat across the river to Vicksburg, the drayage from the wharf at Vicksburg to the office of appellant, and to prepay appellant's charges from Vicksburg to the point of destination in Mississippi. These boats are in no way connected with appellant, have no joint traffic arrangement with it, and are not of the class of carriers subject to the provisions of the act of Congress regulating commerce among the states. Appellant having declined to receive and transport this liquor, on the ground that by so doing it would violate section 1771 of the Code of 1906, as construed in *Hart* v. *State,* 87 Miss. 171, 39 South. 523, 112 Am. St. Rep. 437, and *Powell* v. *State,* 96 Miss. 608, 51 South. 465, appellees filed their bills in the court below, and obtained mandatory injunctions directing appellant to receive and transport the liquor, which injunctions, on final hearing, were made perpetual.

The question we are called upon to decide is whether the transportation of these packages of liquor from Vicksburg to their destination will be a transaction of inter or intra state commerce. If the former, appellant must receive and transport them; for in that event section 1771 of the Code can have no application.

It will be observed that, when these packages are delivered in Louisiana to the various boats, the transportation in what is contemplated to be a continuous passage by various disconnected carriers to the points of their destination in Mississippi will begin. Every part of this

transportation, therefore, will be a transportation of interstate commerce as defined by the Supreme Court of the United States; and each carrier, common or private, participating therein, will, to this extent, be engaged in interstate commerce, without regard to the character of the bill of lading, if any, upon which the packages are being transported, and although each carrier may be separate and independent of, and have no traffic arrangement with, the others; and it is wholly immaterial whether each carrier is paid a flat or a percentage of a through rate for its services, and whether such payment be made by the shipper or consignee direct to each carrier on the one hand, or to the initial or final carrier on the other. *The Daniel Ball,* 10 Wall. 557, 19 L. Ed. 999; *Coe v. Errol,* 116 U. S. 517, 6 Sup. Ct. 475, 29 L. Ed. 715; *Swift & Co. v. United States,* 196 U. S. 375, 25 Sup. Ct. 276, 49 L. Ed. 518; *Southern Pac. Terminal Co. v. Interstate Commerce Commision,* 219 U. S. 498, 31 Sup. Ct. 279, 55 L. Ed. 310; *Railroad Commission v. Worthington,* 225 U. S. 105, 32 Sup. Ct. 653, 56 L. Ed. 1004; *Texas & N. O. R. Co. v. Sabine Tram Co.,* 227 U. S. 111, 33 Sup. Ct. 229, 57 L. Ed. —, decided January 27, 1913; *U. S. v. Colo. & N. W. R. Co.,* 157 Fed. 321, 85 C. C. A. 27, 15 L. R. A. (N. S.) 167, 13 Ann. Cas. 893; *Pac. Coast Ry. Co. v. United States,* 173 Fed. 448, 98 C. C. A. 31; *Jewel Tea Co. v. Lee's Summit* (C. C.), 189 Fed. 280; *United States v. Union Stock Yard & Transit Co.* (Com. Ct.), 192 Fed. 330.

The case of *Gulf, C. & S. F. R. R. Co. v. Texas,* 204 U. S. 403, 27 Sup. Ct. 360, 51 L. Ed. 540, cited and relied on by appellant, is not in point, as will appear from the explanation thereof contained in *Railroad Commission v. Worthington* and *Railroad Co. v. Sabine Tram. Co., supra;* and while the case of *U. S. v. Geddes,* 131 Fed. 452, 65 C. C. A. 320, also cited by appellant, sustains its contention, that case has not been followed by any other court upon the point to which it is cited, but, on the contrary, has been disapproved by several, particularly in the cases of *U. S. v. Colo. & N. W. R. Co.* and *Pac. Coast*

*Ry. Co.* v. *U. S., supra,* and is in clear conflict with the cases herein cited from the Supreme Court of the United States.

*Affirmed.*