STATE *v.* OWEN.

[65 South. 641.]

INTOXICATING LIQUOR.  *Offenses.   Place.   Code* 1906, *section* 1771.  *Laws* 1908, *chapter* 115.

   An indictment charging defendant with having assisted a third party to buy whiskey in a place outside the state, charges no offense.  Since under Code 1906, section 1771, as amended by Laws 1908, chapter 115, making it an offense to act as agent or assistant to either the seller or purchaser in effecting a sale of any liquor, a sale of which is unlawful under the provision of the act, the sale of whiskey outside the state is not unlawful or violative of the provisions of said act.

APPEAL from the circuit court of DeSoto county.
HON. N. A. TAYLOR, Judge.

Jim Owens was indicted for acting as agent in the sale of intoxicating liquor.  From an order sustaining a demurrer to the indictment the state appeals.

The facts are fully stated in the opinion of the court.

*J. M. Varderman,* for appellant.

The laws of Mississippi relating to intoxicating liquors do not require a person to sell liquor; if he acts as agent he is as guilty as if he had sold the liquor.  Under the facts stated in the affidavit in this case it appears to me that this case would be governed by the *Hart case,* 87 Miss. 182, wherein the court had before it practically the same state of facts as exists in the case at bar.  In that case the court held that a crime had been committed and that appellee was guilty of acting as agent, even though the liquor was ordered from out the state.  In the course of the opinion the court said: "A sale of intoxicating liquors was made.  Appellant assisted in effecting the sale, and acted as agent of the seller in this state at a place 'in which the sale of such liquor is prohibited by

law.' This constitutes the specific offense dealt with by this particular statute, and every element of appellant's guilt is plainly shown." *Hart* v. *State,* 87 Miss. 182, 39 So. 526. This case is the leading case in Mississippi and has been quoted and followed in numerous cases. See *Powell* v. *State,* 96 Miss. 608, 51 So. 465, which cites and follows the *Hart case, supra.* The case of *Anglin* v. *State,* 96 Miss. 215, 50 So. 492, 728, is also a leading case on the question before the court in the case at bar.

With these considerations I submit this case to the court and insist that the judgment of the lower court be reversed and appellee be required to answer for his crime.

Cook, J., delivered the opinion of the court.

Omitting the formal parts, the indictment in the present case reads—

"did unlawfully on the 7th day of October, 1913, within said district, county and state, become the agent of one Will. Hughey, to procure for him, the said Will. Hughey, four quarts of whisky out of the state of Mississippi, and to bring into said state, county, and district above mentioned said four quarts of whisky, and intended to deliver the same to the said Will Hughey. And that in pursuance of such agency, the said Jim Owens unlawfully did act as agent, and did assist Will Hughey, the purchaser, in effecting the sale of whisky, and unlawfully did, on or about the 7th day of October, 1913, procure out of the state of Mississippi, and bring into the same, and unto the county and district aforesaid, the said four quarts of whisky, with the intent of him, the said Jim Owens, to deliver the same to the said Will Hughey, as agent of the said Will Hughey, against the peace and dignity of the state of Mississippi."

To this indictment a demurrer was interposed. The demurrer was sustained, and defendant was discharged, from which judgment the state prosecutes this appeal

In the brief for the state we find this observation:

"From a careful reading of the affidavit in this case it appears that appellee had gone out of the state of Mississippi, procured whisky for Will Hughey, and delivered same to him in Mississippi, thereby acting as. agent for the said Will Hughey in violation of the Code of 1906, section 1771, amended 1908, chapter 115."

It will be noted that the alleged crime charged against appellee is alleged to have been committed on the 7th day of October, 1913. The indictment is therefore drawn under chapter 115 of the Laws of 1908. A comparison of section 1771 of Code .1906 with the amendment of this section appearing on page 118, Laws of Mississippi 1908, discloses an important change in the statute, by omitting therefrom these words, "the sale of which without license is unlawful under the provisions of this chapter, in any county, district, territory, or municipality in. which the sale of such liquor, bitters or drinks are prohibited by law," and inserting in lieu thereof these words, "the sale of which is unlawful under the provisions of this act." Under section 1771, Code 1906, it was made a misdemeanor to assist "in effecting the sale" of intoxicating liquors in any county, district, or municipality wherein the sale of such liquors was forbidden by law. This court, construing this section, in. Powell v. State, 96 Miss. 608, 51 So. 465, said:

"The crime defined by the statute is committed when the assistance rendered either the seller or the purchaser in effecting a sale is rendered in a place where such sale is prohibitd by law."

The amendatory statute (chapter 115, Laws of 1908) provides that the crime is committed when assistance is: rendered to the seller or purchaser in effecting a sale; "which is unlawful under the provisions of this act." The indictment in this case charges the defendant with having assisted Will Hughey to buy whisky in a place outside the state of Mississippi, and of course the sale

of whisky outside the state of Mississippi is not ''unlaw-ful under the provisions of this act.'' Chapter 115, Laws of 1908.

It is not a violation of the law to buy whisky outside the state, and as the sale outside the state was not unlaw-ful, the indictment charges no violation of any of the provisions of chapter 115, Laws of 1908.

*Affirmed.*