ANDERSON v. STATE.

[68 South. 770.]

INTOXICATING LIQUORS. *Offenses. Place. Acting as agent.*
    Under Code 1906, section 1771, as amended by Laws 1908, chapter 115, making it an offense to act as agent or assistant to either the seller or purchaser in effecting a sale of any liquor the sale of which is unlawful under the act, a defendant does not violate the law where he receives money in the state to purchase liquor outside the state and delivers the liquor so purchased, in the state to the party furnishing him the money.

APPEAL from the circuit court of Tate county.
HON. N. A. TAYLOR, Judge.
Edmond Anderson was convicted of unlawfully acting as agent in effecting an unlawful sale of intoxicating liquor, and appeals.

The facts are fully stated in the opinion of the court.

*W. J. East,* for appellant.

After all the evidence was in, defendant asked a peremptory instruction which the court refused, this third assignment of error. The fact that a man should go to a place where liquors are lawfully sold, and bring his neighbor a bottle of whiskey would not subject him to a criminal prosecution. *Tate* v. *State,* 91 Miss. 382; also, *State* v. *Owens,* No. 17446, published in Southern Reporter and opinion handed down July 6, 1914, vol. 65, p. 641.

The fourth assignment of error was in modification of defendant's second instruction. This instruction presented was copied from Laws 1908, chapter 115, sec. 1771. The change made by the court was error.

Fifth, it is well known that Memphis is in the state of Tennessee, and the four instructions refused by the court declared the law as the defendant was entitled to have the jury informed. The third instruction was upheld in the Owens case theretofore quoted. The fourth and fifth reports, pp. 36 and 37 are to the same subject and the refusal of sixth was clearly error.

Sixth, the instruction given for the state, is not the law as applicable to this case. If the defendant had been guilty under this charge, it would have been of selling and not of acting as agent, and this court has held that selling and acting as agent are different and distinct offenses. Besides the evidence clearly showed that the whisky was purchased in another state.

*Ross A. Collins,* Attorney-General for the state.

The facts of the case are well proven and undisputed and the jury with the evidence that the appellant did bring from Memphis for the witness Shaver one quart of whiskey could not have arrived at any other verdict under the instructions of the court.

STEVENS, J., delivered the opinion of the court.

An affidavit was filed before a justice of the peace of Tate county, which charged that Edmond Anderson "did unlawfully act as agent and assist the purchaser in effecting a sale of spirituous and intoxicating liquor, the sale of which is prohibited by law, against the peace and dignity of the state of Mississippi." From a judgment of conviction rendered by the circuit court on appeal, appellant prosecutes this appeal, and, among other errors complained of, assigns as error the refusal to grant him a peremptory instruction.

The crime is alleged to have been committed on the twenty-first day of September, 1913, and the affidavit must therefore be considered drawn under chapter 115 of the Laws of 1908.

It is shown by the evidence that appellant was at the depot in Senatobia, ready to board the train for Memphis; that one Joe Lee Shaver then and there gave him two dollars, with the request that he purchase some whiskey in Memphis and bring it back to Shaver on appellant's return that evening; that appellant did purchase one quart of whiskey in Memphis and brought it back on the train with him to Senatobia, and there intrusted the one quart of whiskey to one Teti Burns, with request that the latter deliver the liquor to Shaver, and in this manner the delivery of the goods was consummated in Senatobia.

The whisky was purchased, however, outside of the state of Mississippi, and appellant is charged with acting as the agent in effecting a sale which does not appear to be "unlawful under the provisions of this act." The case is therefore controlled by *State v. Owens,* 65 So. 641, and the judgment of conviction must be set aside and appellant discharged.

Let the order be accordingly.

*Dismissed.*