ILLINOIS CENT. R. CO *v.* N. T. WAX GROCERY CO.

. In Banc. March 27, 1950.

No. 37381 (45 So. (2d) 266)

**D. W. Houston, Sr. & Jr.**, and **Lucius E. Burch, Jr.**, for appellant.

**Thomas F. Paine,** for appellee.

**Alexander, J.**

Suit was filed against appellee by the Railroad Company for freight and demurrage charges, and from a judgment for the defendant this appeal is taken.

Shipment was made by one Hector from Granger, Oregon, of six hundred bags of mixed vetch seed to appellee. A uniform order-notify bill of lading was issued by the agent of the Southern Pacific Railroad at Albany, Oregon. The proposed route was via Memphis to Canton, Mississippi, at which a stop-over for partial unloading was indicated, thence to final destination at Amory, Mississippi.

The shipment was, however, shipped from Memphis direct to Amory over the Frisco Railroad, arriving about

the same time that the bill of lading reached a local bank. Appellee refused to take up the bill of lading and unload the shipment on the ground that the terms of the bill of lading had not been complied with by allowing stop-over at Canton.

The agent of the Frisco Railroad at Amory then told the appellee that if he would take up the bill of lading and pay the freight charges shown thereon he would arrange for shipment of that part of the shipment destined for Canton. This was done, but in the meantime demurrage charges had accrued at Amory amounting to $37.40. Freight charges to Canton and federal tax raised the total charges made against appellant by the connecting carriers to $94.56, the amount sued for.

The summary of appellee's contentions is that he had paid all that the bill of lading called for and that what was done was only that originally contemplated by it. It argues that he did not authorize the shipment to Canton as a new contract and received no new bill of lading therefor, and that what appellant did was in an effort to correct an error for which he was not responsible. On its face this contention has much of reason to commend it.

We are, however, brought face to face with the provisions of the Interstate Commerce Act, Section 6(7), 49 U. S. C. A. Section 6 (7), which forbids that any carrier shall: "charge or demand or collect or receive a greater or less or different compensation for such transportation of passengers or property, or for any service in connection therewith, between the points named in such tariffs than the rates, fares, and charges which are specified in the tariff filed and in effect at the time; . . ."

The foregoing provision is designed to prevent any discrimination against or in favor of any consignee. It is now well established by ample authority that it is immaterial whether a mistake in tariff charges is made or rates misquoted. There is no estoppel against the carrier. Alabama Great Southern R. Co. v. F. A.

Hulett & Son, 159 Miss. 333, 131 So. 814. ▮▮ Nor
were the demurrage charges waived by the carrier whose
delay in getting final instructions was caused by the con-
signee who had taken up the bill of lading only upon
the undertaking that the car would be taken on to Canton.
Lexington Compress and Oil Mill Company v. Yazoo & M.
V. R. Co., 131 Miss. 49, 95 So. 92; Davis v. Timmons-
ville Oil Company, 4 Cir., 285 F. 470.

It is also immaterial on the issue of liability that the
original bill of lading erroneously provided stop-over
for unloading at Canton. It was, as stated, and order-
notify form, under which partial unloading may not be
allowed. Reference to these conditions is made to cer-
tain tariffs on file with the Interstate Commerce Com-
mission, identified without question as Item 670SFA
Tariff 236P, and I. C. C. No. 913.

▮▮ Regardless of the understanding or misunder-
standing, the ultimate responsibility rests upon the car-
rier to charge and the consignee to pay the charges for
freight and allied services. This obligation rests not
alone on contract but is imposed by law and is com-
pounded of the bill of lading, tariffs, schedules and reg-
ulations of the Interstate Commerce Commission. Mobile
& O. R. Co. v. Jensen ,162 Miss. 741, 139 So. 840; Alabama
Great Southern R. Co. v. F. A. Hulett & Son, supra;
Louisville & N. R. Company v. Maxwell, 237 U. S. 94,
97, 35 S. Ct. 494, 59 L. Ed. 853, 855, L. R. A. 1915E, 655.
Indeed, the carrier is subject to a penalty for a failure
to collect the prescribed demurrage and freight charges.
Davis v. Timmonsville Oil Company, supra. This view
does not need the support of the incident that the appel-
lant was not a party to the understanding under which
appellee took up the bill of lading and accepted the
shipment.

▮▮ We have proceeded upon an assumption that
the transportation from Amory to Canton was part of an
interstate shipment. We now examine this phase. The
original bill of lading contemplated a shipment to Canton

and Amory. The dissent of the consignee, appellee, was based upon a failure to deliver part of the shipment to Canton. One hundred bags of the seed were in effect originally consigned to Canton. That it could not be so handled under the original bill of lading may subject the agent in Oregon to criticism, but cannot diminish the right and duty of appellant to seek reimbursement for these charges nor change its character as part of an interstate shipment. Appellee's insistence that the car continue on to Canton points up the original purpose in which the whole transaction was conceived. There was no new bill of lading issued at Amory. Appellant, in effect, says ''You undertook to ship 100 sacks of feed in interstate commerce to Canton. Now go ahead and do it.'' He accepted the benefit of their compliance and it is, for our present inquiry, not material that he thought he had paid in advance for this service. American Express Company v. Miller, 104 Miss. 247, 61 So. 306, 45 L. R. A., N. S., 120; Pennsylvania R. Co. v. Clark Brothers Coal Mining Co., 238 U. S. 456, 35 S. Ct. 896, 59 L. Ed. 1406; Baltimore & O S W R Co. v. Settle, 260 U. S. 166, 43 S. Ct. 28, 67 L. Ed. 189.

We are of the opinion that it was error for the trial court to direct judgment for appellee. The peremptory instruction requested by the appellant to direct a verdict in its favor for $94.56 ought to have been granted.

Reversed and judgment here for appellant.